IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALBERT JUAN ORITZ, :
:
    Plaintiff, : CIVIL NO. 3:CV-08-2126
:
v. :
:
: (Judge Vanaskie)
PRISON BOARD MEMBERS, et al., :
:
    Defendants. :

MEMORANDUM

Background

Albert Juan Oritz, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill), proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.§ 1983. (Dkt. Entry # 1.) Along with his complaint, Ortiz has submitted an application requesting leave to proceed in forma pauperis. (Dkt. Entry # 2.)

This matter regards events which purportedly transpired during Plaintiff's prior confinement at the Dauphin County Prison, Harrisburg, Pennsylvania. Named as Defendants are the City of Harrisburg and its Mayor; the Dauphin County Prison, the Dauphin County Prison Board and various Dauphin County Prison employees. Plaintiff contends that he was

subjected to unconstitutional conditions of confinement[1] and that Defendants violated his constitutional rights of access to the courts and freedom of speech.

The complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b).[2] For the reasons that follow, Ortiz's complaint will be dismissed in part without prejudice.

Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the

---

[1] The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994)

[2] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

## Dauphin County Prison

As previously noted, one of the named Defendants is the Dauphin County Prison. However, a prison or correctional facility is not a person within the meaning of § 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997)(Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).  It is thus clear that the Dauphin County Prison is not a properly named Defendant in this matter.

## City of Harrisburg / Mayor Reed

Also named as Defendants are the City of Harrisburg and Mayor Reed.  A plaintiff, in order to state an actionable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Each named defendant must be shown, via the complaint's allegations, to have been personally

3

involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).

A municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, may be a "person" subject to suit under 42 U.S.C. § 1983. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978)("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") "Local governing bodies, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. See also Board of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 398, 403-07 (1997); Roman v. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano v. Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

However, it has been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of respondeat superior. Bryan County, 520 U.S. at 403; City of Canton v. Harris, 489 U.S. 378, 392 (1989); Pembaur v. Cincinnati, 475 U.S. 469, 478-79 (1986); Monell, 436 U.S. at 691; Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, "... a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bryan County, 520 U.S. at 403; Beck, 89 F.3d at 971. In

4

Bryan County, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> . . . [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Id. at 404; see Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996).

The United States Court of Appeals for the Third Circuit has held that a municipality can be held liable under § 1983 "only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Andrews, 895 F.2d at 1480 (citing Monell, 436 U.S. at 694).

Ortiz has not set forth any claim that his constitutional rights were violated as a result of any City of Harrisburg policy or custom or through any action taken by Mayor Reed. On the contrary, Plaintiff's pending claims regard conduct which allegedly occurred at a facility operated by Dauphin County, not the City of Harrisburg. Accordingly, since there are no assertions of any personal involvement in constitutional misconduct raised against the City of Harrisburg and its Mayor, those Defendants are entitled to entry of summary dismissal.

Pursuant to the above discussion, Plaintiff's claims against the Dauphin County Prison, City of Harrisburg, and Mayor Reed will be dismissed as legally frivolous. Service of the Complaint with respect to the remaining Defendants will be ordered. An appropriate Order will enter.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT JUAN ORITZ, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-2126 |
| | : | |
| v. | : | |
| | : | |
| | : | (Judge Vanaskie) |
| PRISON BOARD MEMBERS, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

ORDER

NOW, THIS 7th DAY OF OCTOBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Defendants Dauphin County Prison, City of Harrisburg, and Mayor Reed are DISMISSED.

2. Plaintiff's motion to proceed in forma pauperis (Dkt. Entry # 2) is construed as a motion to proceed without full prepayment of fees and costs, and the motion is GRANTED.

3. The United States Marshal is directed to serve Plaintiff's Complaint (Dkt. Entry # 1) on the remaining Defendants.

                                                    s/ Thomas I. Vanaskie
                                                    Thomas I. Vanaskie
                                                    United States District Judge