# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERT JUAN ORTIZ,** | : | |
| Plaintiff | : | CIVIL NO. 3:CV-08-2126 |
| v. | : | (Judge Rambo) |
| **PRISON BOARD MEMBERS,** *et al.,* | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Albert Juan Ortiz ("Ortiz"), an inmate presently confined at the State Correctional Institution, Graterford, Pennsylvania ("SCI-Graterford"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants therein were the Dauphin County Prison Board and various Dauphin County Prison employees.

This matter concerns events which purportedly transpired during Plaintiff's prior confinement as a pre-trial detainee at the Dauphin County Prison, Harrisburg, Pennsylvania. Ortiz contends that he was subjected to unconstitutional conditions of confinement, and that Defendants violated his constitutional rights of access to the courts and freedom of speech.

**I.   Procedural History**  By Memorandum and Order dated October 7, 2009, the claims against Defendants Dauphin County Prison, City of Harrisburg, and Mayor Reed were dismissed.  (Doc.

12.)  Thereafter, Defendant Lisa Reitz, R.N. filed a motion to dismiss.  The remaining Defendants subsequently filed a separate motion to dismiss.  However, by Order dated June 22, 2010, Judge Vanaskie granted Plaintiff's motion requesting leave to file an Amended Complaint and accepted his proposed Amended Complaint.  (Doc. 33-3.)

This matter was subsequently reassigned to the undersigned on June 30, 2010.  On July 12, 2010, Reitz filed a motion to dismiss the Amended Complaint and supporting brief.  (Doc. 35.)[1]  Reitz seeks dismissal on the basis of non-exhaustion of administrative remedies and, in the alternative, on the grounds that a viable constitutional claim has not been stated.  Opposing briefs were filed by Plaintiff on August 6, 2010, and August 24, 2010.  Accordingly, Reitz's motion is ripe for consideration.

---

[1] The remaining Defendants have also filed a motion to dismiss the Amended Complaint which will be addressed separately.

## II. Standard of Review for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. *See* Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ____ ,129 S.Ct 1937, 1949 (2009).

This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. *Twombly*, 550 U.S. at 556. The reviewing court must determine whether the

3

complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562.

A civil rights complaint should allege the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. *See id*. at 1950. *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). It is additionally noted that *pro se* pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In addition, Plaintiff describes himself as being a pre-trial detainee. The Third Circuit Court of Appeals has observed that claims by pre-trial detainees have parameters that are coextensive with those of the Eighth Amendment's prohibition against cruel and unusual punishment. *Keller v. County of Bucks*, 209 F. App'x 201, 205 (3d Cir. 2006).

**III.    Exhaustion of Administrative Remedies**

The gist of the claim against Reitz is that she failed to give Plaintiff previously prescribed high blood pressure and heart medication during a prolonged period of time

4

when the prison was in a lock down. Reitz generally argues that entry of dismissal in her favor is appropriate because, "Plaintiff has failed to show" that he exhausted the administrative remedies which were available to him at the Dauphin County Prison, and his Amended Complaint "does not allege that he made any complaints" with regard to his allegations to anyone at the Dauphin County Prison, "let alone that he filed a proper grievance." (Doc. 36 at 6.)

Ortiz counters that "a grievance system was utilized as a way to obtain some relief and avoid having to raise a civil rights action." Doc. 39 ¶ 15. Plaintiff adds that Defendants were given fair notice of his present claims through the prison process. *See id.*

> Section 1997e(a) of title 42 U.S.C. provides:
>
> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 529-532 (2002). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his

5

available administrative remedies before bringing a civil rights action. *Ahmed v. Sromovski*, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." *Tribe v. Harvey*, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)).

"There is no futility exception" to the exhaustion requirement. *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002). The Court of Appeals for the Third Circuit has also "not recognized 'sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." *Pena-Ruiz v. Solorzano*, 281 F. App'x 110,113 (3d Cir. 2008); *Hill v. Smith*, 186 F. App'x 271, 274 (3d Cir. 2006)(rejecting prisoner's argument that exhaustion should be excused because inmate grievances were regularly rejected).

The statutory mandate for exhaustion of administrative remedies implies a procedural default component. *Spruill v. Gillis* 372 F.3d 218, 222 (3d Cir. 2004). As the Court of Appeals for the Third Circuit explained, a procedural default rule "prevents an end-run around the exhaustion requirement." *Id*. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." *Id*. In

6

*Woodford v. Ngo*, 548 U.S. 81 (2006), the United States Supreme Court reiterated that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations.

In *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." *See also Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). The United States Supreme Court in a subsequent decision similarly held that because an inmate's failure to exhaust administrative remedies is an affirmative defense, the inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Accordingly, it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

A review of the Amended Complaint, (Doc. 33-3), reveals that it is silent with respect to the issue of exhaustion of administrative remedies. However, based upon the decisions rendered in *Mitchell*, *Ray*, and *Jones*, the failure of Ortiz's Amended

7

Complaint to allege or establish compliance with the exhaustion requirement is not by itself a sufficient basis for entry of dismissal. Rather, Defendant Reitz has the burden of demonstrating non-exhaustion. Since the moving Defendant has not established that the Dauphin County Prison provided its inmates with an administrative grievance procedure which the Plaintiff failed to complete prior to filing suit in federal court, she has not satisfied her burden of establishing non-exhaustion. *See Wilson v. Corr. Med. Servs*, 2010 WL 2521717 *2 n. 2 (D.N.J. June 14, 2010). Accordingly, Reitz's request for dismissal on the basis of non-exhaustion will be denied.[2]

## IV. Medical Care

Reitz's alternative argument for dismissal generally asserts that the Amended Complaint fails to set forth a viable constitutional claim because the alleged denial of medical care does not rise to the level of cruel and unusual punishment. (Doc. 36 at 5.)

In an opposing brief, Ortiz notes that the Amended Complaint describes Defendant Reitz as being a nurse employed at the Dauphin County Prison whose duties included the distribution of medication to the prison population. (Doc. 41 at 7.)

---

[2] In the event Defendant Reitz elects to reassert this argument she is forewarned that the Third Circuit Court of Appeals overturned the granting of a motion to dismiss for non-exhaustion of administrative remedies which was premised upon copies of an inmate's grievances and appeals, declarations from grievance coordinators, and the DOC's responses to administrative grievances on the basis that those documents were evidentiary materials that could not be considered on a motion to dismiss. *See Berry v. Klem*, 283 F. App'x 1, 3 (3d Cir. 2008).

8

Plaintiff contends that during a 138 day lockdown,[3] and while confined as a pre-trial detainee, he was deprived of previously prescribed heart and high blood pressure medication to such a degree that the deprivation caused Plaintiff to faint. (Doc. 39 at ¶ 3.) His opposing brief adds that Defendant Reitz "intentionally refused to provide Plaintiff with the medication that was prescribed to him." [4] *Id*. Moreover, Ortiz adds that Reitz knew or should have known that the deprivation of medication could cause permanent harm and injury.

A plaintiff, in order to state an actionable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). In order to establish an

---

[3] He indicates that the lockdown was an excessive response to an inmate altercation.

[4] Plaintiff also asserts that Nurse Reitz "took it up herself to stop the medication." *Id*.

9

Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill*, 372 F.3d at 235-36; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1979). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 347. "Additionally, 'if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.'" *Young v. Kazmerski*, 266 F. App'x 191, 193 (3d Cir. 2008)(quoting *Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 347). Furthermore, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

Based upon an application of the above standards to Plaintiff's contention that he was intentionally denied prescribed heart and high blood pressure for a prolonged period of time (approximately 138 days) without medical justification, a claim of deliberate indifference to a serious medical need sufficient to withstand scrutiny under Rule 12(b)(6) has been set forth against Nurse Reitz; *see id.,* (where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented). Accordingly, the motion to dismiss filed by Defendant Reitz will be denied.

s/Sylvia H. Rambo
United States District Judge

Dated: December 21, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERT JUAN ORTIZ,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 3:CV-08-2126 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PRISON BOARD MEMBERS,** *et al.,* | : | |
| | : | |
| Defendants | : | |

## **ORDER**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant Lisa Reitz's motion to dismiss the Amended Complaint (Doc. 35) is **DENIED.**

                                                    s/Sylvia H. Rambo
                                                 United States District Judge

Dated: December 21, 2010.