IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT JUAN ORTIZ,** | : |
| Plaintiff | : CIVIL NO. 3:CV-08-2126 |
| v. | : (Judge Rambo) |
| **PRISON BOARD MEMBERS,** *et al.,* | : |
| Defendants | : |

## **M E M O R A N D U M**

Before the court is Defendants Warden Dominick DeRose, Captain Lahr, and Deputy Warden Nichols's ("moving Defendants") unopposed motion for summary judgment. (Doc. 63.)  For the reasons that follow, the motion will be granted.

**I.**     **Background**

  **A.**     **Facts**[1]

At all times relevant to this complaint, Plaintiff was a pre-trial detainee confined in Dauphin County Prison ("DCP"), Pennsylvania.[2]  (Defs.' Statement of

---

[1]     Normally, when deciding a motion for summary judgment the court will rely on the facts enumerated in the parties' respective statement of material facts and counter-statement of material facts, and cite to the record when those facts are genuinely disputed.  However, in the instant case, Plaintiff has failed to provide a brief in opposition to the motion for summary judgment *or* a counter-statement of material facts, despite a court order directing him to do so. (Doc. 71.)  Therefore, the court will consider Defendants' statement of material facts to be uncontested.  *See Miller v. Ashcroft*, 76 F. App'x 457, 460 (3d Cir. 2003) (treating facts as uncontested due to plaintiff's failure to file a timely counter-statement of material facts).

[2]     Because Plaintiff was a pretrial detainee his claims must be analyzed under the Due Process clause of the Fourteenth Amendment as opposed to the cruel and unusual punishment standard

(continued...)

Material Facts ("SMF"), ¶¶ 1, 2.) Specifically, on May 29, 2008, an altercation broke out on the cell on which Plaintiff was housed. (*Id.* ¶ 4.) As a result, Plaintiff's entire cell block was placed on lock-down status. (*Id.* ¶ 5.) Although the block remained on lock-down for an unspecified period, Plaintiff was able to obtain "bedding, hygiene products, legal materials, written correspondence materials, one religious book, two books for counseling, underclothing, socks and thermal underwear while on lock-down status." (*Id.* ¶¶ 6, 7.) In addition, Plaintiff was able to meet with both his attorney and spiritual advisor while on lock-down. (*Id.* ¶ 8.)

On June 16, 2008, while Plaintiff was still housed on this block, the inmates instigated a riot which involved assaulting staff, destroying property, and jamming the locks on cell doors so that they could not be closed. (*Id.* ¶¶ 10, 11.) As a result of the severity of this incident, Plaintiff's entire cell block was put on "segregation issue" status to maintain the health and safety of the prison staff and inmates. (*Id.* ¶ 14.) While on "segregation issue" status, Plaintiff was provided a blanket, mattress, jumpsuit, toilet paper and access to water. (*Id.* ¶¶ 15, 16.) Plaintiff remained on "segregation issue" status until sometime around July 16, 2008, however, the status was not continuous for this entire time period. (*Id.* ¶¶ 17, 18.) Rather, prison officials took the block off "segregation issue" status, but were forced to reinstate it when inmates acted disruptively. (*Id.* ¶ 19.)

On July 16, 2008, Plaintiff was written up for destruction of prison property, blocking locking devices, disruptive behavior, and possession of

---

[2](...continued)
under the Eighth Amendment, which applied to those individuals already convicted of a crime. *See Hubbard v. Taylor*, 399 F.3d 150, 167 n.23 (3d. Cir. 2005).

contraband, and was thus put on lock-down status from August 15, 2008, to August 29, 2008.  (*Id.* ¶ 20.)

When Plaintiff was first committed to Dauphin County Prison, he was a provided with a copy of the Dauphin County Inmate Handbook.  (*Id.* ¶ 24.)  Contained in this handbook are the Inmate Grievance Guidelines used by Dauphin County Prison.  (*Id.* ¶ 25.)  Despite being in receipt of the inmate grievance process, Plaintiff did not file any grievances with prison administration.  (*Id.* ¶¶ 28-34.)

### b. **Procedural History**

Plaintiff filed his original complaint with this court on November 24, 2008.  (Doc. 1.)  On June 1, 2010, Plaintiff filed a motion to amend his complaint, which was granted on June 22, 2010.  (Docs. 33 & 34.)

On February 28, 2011, this court dismissed all claims against moving Defendants except for that of unconstitutional conditions of confinement.  (Doc. 51.)  Subsequently, on September 1, 2011, moving Defendants filed the instant motion for summary judgment, brief in support, and statement of material undisputed facts.  (Docs. 63, 64 & 65.)  After receiving no response from Plaintiff, on April 23, 2012, the court issued a rule to show cause by May 7, 2012, why Defendants' motion should not be deemed unopposed.  (Doc. 71.)  As of the date of this memorandum and order, Plaintiff has still not filed a response.  Therefore, the court will deem the motion unopposed and ripe for disposition.

## II. **Legal Standard**

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment.  Rule 56(a) provides, "[t]he court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law. Fed R. Civ. P. 56(a)[3]; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323. A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* at 248. When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party," and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cnty. Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005), *cert denied*, 546 U.S. 1094 (2006).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat. Ass'n,* 601 F.3d 212, 216 (3d Cir. 2010). The nonmoving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on

---

[3] *See* Fed. R. Civ. P. 56, Advisory Comm. Note (2010 Amendments) (The frequently cited standard for summary judgment is now set forth in Rule 56(a) rather than Rule 56(c)(2010). The Advisory Committee explains that despite the language change, "[t]he standard for granting summary judgment remains unchanged" and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases.").

file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana v. Kmart Corp*, 260 F.3d 228, 232 (3d Cir. 2001) (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.     Discussion**

Defendants first seek summary judgment based on Ortiz's failure to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The PLRA requires a prisoner to present his claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust

under the PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default."). Additionally, "it is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis*, 204 F.3d at 71.

Further, the United States Court of Appeals for the Third Circuit has stated that "there appears to be unanimous circuit court consensus that a prisoner

may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (not precedential).  In citing to a case from the United States Court of Appeals for the Eighth Circuit, *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003), the *Oriakhi* Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his *Bivens* claim.  "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred."  *Oriakhi*, 165 F. App'x at 993 (quoting *Johnson*, 340 F.3d at 627-28).

In the instant case, moving Defendants have set forth the following with respect to DCP's grievance procedure.  Upon Plaintiff's commitment to DCP, he was provided with a copy of the DCP Inmate Handbook, which contains the Inmate Grievance Guidelines.[4]  (Defs.' SMF, ¶¶ 24, 25 & 26.)  The DCP grievance process requires inmates to proceed through the following four steps: "(1) the submission of a grievance for review and determination by [the Warden]; (2) an appeal of [the Warden's] decision to the Chairman of the [DCP] Board of Inspectors; (3) an appeal of the Chairman's decision to the full [DCP] Board of Inspectors; and (4) an appeal from the Prison Board's decision to the Dauphin County Solicitor."  (*Id.* ¶ 27.)  Defendants' uncontested facts state that "Plaintiff did not submit any grievances, inmate request forms, statements, or other writings to DCP staff about the allegations contained in his Amended Complaint."  (*Id.* ¶ 28.)

---

[4] Plaintiff's original complaint also acknowledges the existence of the grievance procedure.  (Doc. 1, ¶ II(A).)

The undisputed record indicates moving Defendants have shown Ortiz failed to exhaust his administrative remedies.  In addition, there are no facts alleged that could establish that any correctional officials prevented Plaintiff from timely pursuing administrative relief with respect to his present claims.

Because it is undisputed that Plaintiff failed to even attempt exhaustion of his administrative remedies with respect to his claims against moving Defendants, summary judgment will be granted in favor of moving Defendants.[5]  An appropriate order will be issued.

s/Sylvia H. Rambo<br>
United States District Judge

Dated:  June 14, 2012.

---

[5] In light of the court's conclusion that Plaintiff failed to exhaust his administrative remedies, a threshold issue, a discussion as to the merits of moving Defendants' alternative summary judgment argument, that the restrictive conditions placed on Ortiz were reasonably related to a legitimate penological purpose, is not required.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERT JUAN ORTIZ,** | : | |
| **Plaintiff** | : | CIVIL NO. 3:CV-08-2126 |
| v. | : | **(Judge Rambo)** |
| **PRISON BOARD MEMBERS,** *et al.,* | : | |
| **Defendants** | : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants Warden Dominick De Rose, Captain Lahr, and Deputy Warden Nichols's motion for summary judgment (Doc. 63) is **GRANTED**. The clerk of court shall enter judgment in favor of Defendants Warden Dominick De Rose, Captain Lahr, and Deputy Warden Nichols and against Plaintiff.

The clerk of court is **DIRECTED** to **CLOSE** this case.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: June 14, 2012.